**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Jackson Nascimento

    v.                                  Civil No. 13-cv-385-LM
                                        Opinion No. 2015 DNH 045
United States and Esker Tatum, Warden,
Federal Correctional Institution-Berlin[1]


**O R D E R**


    Jackson Nascimento filed this action under 28 U.S.C.
§ 2241, challenging his 2005 conviction and ten-year mandatory
minimum sentence under 18 U.S.C. § 924(c), claiming that the
sentencing court in Massachusetts improperly decided an issue
affecting the length of the mandatory minimum, in violation of
Alleyne v. United States, 133 S. Ct. 2151 (2013).  Before this
court is the government's motion to dismiss (doc. no. 10), which
asserts that the Alleyne claim does not fall within this court's
jurisdiction under § 2241, as circumscribed by 28 U.S.C.
§ 2255(e).  Nascimento objects (doc. no. 12), and has filed

---

    [1]Nascimento is currently incarcerated in a federal facility
in Fort Dix, New Jersey, but he filed this petition while
incarcerated at the Federal Correctional Institution in Berlin,
New Hampshire ("FCI-Berlin").  FCI-Berlin Warden Tatum was
served as the respondent prior to Nascimento's transfer.

supplemental legal memoranda (doc. nos. 13 – 16) that this court

deems to be addenda to his objection.[2]

## Background

In <u>United States v. Nascimento</u>, No. 1:03-cr-10329-PBS (D.

Mass.) ("<u>Criminal Case</u>"), the jury, in 2005, convicted

Nascimento of various gang-related offenses, including a

violation of 18 U.S.C. § 924(c) (using a firearm in relation to

crime of violence).  The jury specifically found that Nascimento

had used a firearm in an assault in which the victim was shot.

See <u>United States v. Nascimento</u>, 491 F.3d 25, 31 (1st Cir. 2007)

("<u>Nascimento I</u>"); <u>Criminal Case</u>, No. 1:03-cr-10329-PBS (D. Mass.

Mar. 15, 2005) (Jury Verdict Form) (ECF No. 840).  In a

sentencing memorandum, Nascimento's trial counsel argued that

the mandatory minimum applied to the § 924(c) conviction should

be 60 months, as the jury found that Nascimento had "used" a

firearm, but had not been asked whether Nascimento had

"discharged" it, an act carrying a longer, 120-month mandatory

---

[2]The clerk docketed two filings by Nascimento as motions to amend the petition.  <u>See</u> Doc. Nos. 14 and 16.  Those motions and an addendum filed thereto, <u>see</u> Doc. No. 15, are all properly construed as addenda to Nascimento's objection to the motion to dismiss, and have been considered as such by the court in this order.  The court has directed the clerk in the conclusion of this order to rename those filings in the docket accordingly. To the extent Nascimento seeks any relief through those filings, the court denies the request as mooted by this order.

minimum pursuant to § 924(c)(1)(A)(iii).  See Criminal Case, No.
No. 1:03-cr-10329-PBS (D. Mass. Mar. 15, 2005) (Sent. Mem.) (ECF
No. 1121).  The government responded that the undisputed
evidence showed that Nascimento had shot the victim, and that,
under then-existing law, see Harris v. United States, 536 U.S.
545 (2002), overruled by Alleyne, 133 S. Ct. at 2163, the
sentencing court could decide whether Nascimento had discharged
the gun.  The court sentenced Nascimento to a prison term of 171
months, including the 120-month mandatory minimum on the
§ 924(c) charge.  See Criminal Case, No. 1:03-cr-10329-PBS (D.
Mass. Dec. 19, 2005) (ECF No. 1133).  The First Circuit affirmed
Nascimento's conviction.  See Nascimento I, 491 F.3d at 51.

     In 2008, Nascimento filed his first motion under 28 U.S.C.
§ 2255.  The sentencing court denied that motion, see United
States v. Nascimento, No. 1:08-cv-10993-PBS, 2009 U.S. Dist.
LEXIS 95355 (D. Mass. Oct. 9, 2009) ("Nascimento II") (ECF No.
4), slip op. at 2, 7, and the First Circuit affirmed the denial.
See Nascimento v. United States, No. 09-2416, 2010 U.S. App.
LEXIS 27462 (1st Cir. May 19, 2010).  Nascimento filed a number
of supplemental post-conviction motions, including an
application to the First Circuit for permission to file a
successive § 2255 motion asserting an Alleyne claim.  The First
Circuit denied that application on the basis that the Supreme

3

Court had not declared Alleyne to be retroactive.  See
Nascimento v. United States, No. 13-8021 (1st Cir. Aug. 16,
2013) ("Nascimento III").

In this court, Nascimento filed a petition under 28 U.S.C.
§ 2241, reasserting his Alleyne challenge to his § 924(c)
conviction and sentence.  Nascimento argues here that the jury
convicted him of "using" a firearm, but did not specifically
convict him of "discharging" that firearm, and that he is thus
innocent of the "discharging" aspect of § 924(c).  He further
contends that the sentencing court perpetrated an Alleyne error
in finding that he had discharged the firearm, by sentencing him
to the 120-month mandatory minimum for "discharging" a firearm.

## Discussion

I.   Motion to Dismiss Standard

Respondent's motion to dismiss is governed by Federal Rule
of Civil Procedure 12(b)(1).  See generally Fed. R. Civ. P.
81(a)(4); Rules 1(b) and 12 of the Rules Governing § 2254 Cases
("§ 2254 Rules").  "When a defendant moves to dismiss for lack
of federal subject matter jurisdiction, the party invoking the
jurisdiction of a federal court carries the burden of proving
its existence."  Johansen v. United States, 506 F.3d 65, 68 (1st
Cir. 2007) (internal quotation marks and citation omitted).

Accordingly, petitioner here bears the burden to show that this court has subject matter jurisdiction over his claims.  See Aversa v. United States, 99 F.3d 1200, 1209 (1st Cir. 1996).


II.  Savings Clause Jurisdiction

     In general, the court in which a federal defendant was convicted and sentenced has exclusive jurisdiction over post-conviction proceedings challenging the validity of the conviction or sentence, pursuant to 28 U.S.C. § 2255.  Section 2255 limits the use of § 2241 petitions, filed by federal prisoners in the district of their incarceration, as a means of challenging their sentences and convictions.  See United States v. Barrett, 178 F.3d 34, 49 (1st Cir. 1999).  The relevant statutory provision, 28 U.S.C. § 2255(e), is known as the "savings clause" of § 2255. The savings clause provides as follows:

> An application for a writ of habeas corpus in behalf
> of a prisoner who is authorized to apply for relief by
> motion pursuant to [§ 2255], shall not be entertained
> . . . unless it . . . appears that the remedy by
> motion [under § 2255] is inadequate or ineffective to
> test the legality of his detention.

Id. (emphasis added).  The issue of the adequacy and effectiveness of the § 2255 remedy in a particular case is jurisdictional, as the proper district for filing the petition depends upon whether the petition is filed under § 2241 or

§ 2255.  See Bryant v. Warden, 738 F.3d 1253, 1262 (11th Cir. 2013).

The Supreme Court has not ruled on the scope of the savings clause, with respect to a claim like Nascimento's.  The First Circuit and other federal appellate courts have established principles, however, governing how a district court should determine whether the § 2255 remedy is adequate or effective in a particular case.  "[A]dequacy and effectiveness must be judged ex ante.  . . . [P]ost-conviction relief can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification.'"  Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (quoting In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis in original)).

If nothing prevented the petitioner from raising his § 2241 claims in a first § 2255 motion, he cannot prevail in asserting that the § 2255 process has been inadequate or ineffective to challenge his detention.  See generally Bryant, 738 F.3d at 1272; see also Barrett, 178 F.3d at 53.  The savings clause does not provide a petitioner with a forum to relitigate an erroneous decision in an initial § 2255 motion.  See Bryant, 738 F.3d at 1272; Prost v. Anderson, 636 F.3d 578, 590 (10th Cir. 2011).

Where the claims at issue may be reviewed in a second or successive § 2255 motion, pursuant to 28 U.S.C. § 2255(h), recourse to the savings clause is unnecessary.  And where the claims do not satisfy the restrictions on successive motions in § 2255(h), enacted as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petition may not skirt those restrictions by way of the savings clause, by obtaining review under § 2241.  See Barrett, 178 F.3d at 50; see also Trenkler, 536 F.3d at 99 ("[t]o rule otherwise would reduce AEDPA's gatekeeping provisions to 'a meaningless gesture'" (quoting Barrett, 178 F.3d at 50)).

Recourse to the savings clause is allowed "in rare and exceptional circumstances, such as those in which strict adherence to AEDPA's gatekeeping provisions would result in a 'complete miscarriage of justice,'" such as cases involving a "credible allegation of actual innocence." Trenkler, 536 F.3d at 99 (citation omitted).  Additionally, the savings clause allows petitioners to assert statutory claims based on new binding precedent, previously unavailable to them, that narrows the scope of a criminal statute in a way that would have rendered the petitioner not guilty of criminal conduct.  See Sustache-Rivera v. United States, 221 F.3d 8, 16 n.14 (1st Cir. 2000) (citing cases allowing § 2241 petitions to be filed after

Supreme Court in Bailey v. United States, 516 U.S. 137 (1995), narrowed the definition of "use" of a firearm in 18 U.S.C. § 924(c)(1)). The savings clause does not, however, generally allow petitioners to proceed on claims based on new rules of constitutional law. See Sustache-Rivera, 221 F.3d at 16 (in such cases, "there is less reason to resort to the savings clause, as Congress [in § 2255(h)] permits new constitutional rule claims to be made on second or successive petitions provided that the Supreme Court has made the new rule retroactive (and the claim was not previously available)").

Here, Nascimento's Alleyne claim does not fall within the narrow scope of the savings clause. In Alleyne, the Court overruled Harris, 536 U.S. 545, and held that both the Sixth Amendment and the logic of the Court's Fourteenth Amendment ruling in Apprendi v. New Jersey, 530 U.S. 466 (2002), required any fact leading to the imposition of a mandatory minimum to be found by a jury beyond a reasonable doubt. See Alleyne, 133 S. Ct. at 2155. The savings clause cannot be used to make an end run around AEDPA's limits on second or successive § 2255 motions based on new rulings of constitutional law. As Nascimento's Alleyne claim is based on a new ruling of constitutional law, he cannot access the savings clause to invoke this court's § 2241 jurisdiction over his claim.

Nascimento seeks access to the savings clause by claiming that he is innocent of the crime for which he received a 120-month mandatory minimum sentence.  The evidence at trial was that petitioner shot the victim in the leg with a gun. Nascimento has neither generally asserted, nor set forth any specific facts in this court, to show that he did not commit the offense.  Nascimento argues that he should be presumed innocent, not because he did not shoot the victim in the underlying offense, but because the jury did not specifically find him guilty of "discharging" a firearm.  Accordingly, Nascimento has not stated a claim of actual innocence upon which savings clause jurisdiction might be found.  Cf. House v. Bell, 547 U.S. 518, 536–37 (2006) (gateway actual innocence claims generally assert that "in light of new evidence 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt'" (citations omitted)).

Before concluding that Nascimento's petition does not fall within the scope of the savings clause -- as anticipated by the First Circuit when it denied Nascimento's application to proceed under § 2255(h) more than a year ago, see Nascimento III, No. 13-8021 ("it does not appear that [Nascimento] could fit his claim within 'the narrow confines of [the savings clause]'") -- one more point merits attention.  The First Circuit has held

9

that Alleyne is not retroactively applicable to sentences on collateral review in initial § 2255 proceedings. Butterworth v. United States, 775 F.3d 459, 468 (1st Cir. 2015), cert. denied, No. 14-8251, 2015 WL 459339 (U.S. Mar. 2, 2015). Applying the analytic framework announced in Teague v. Lane, 489 U.S. 288 (1989), the Butterworth court considered whether Alleyne applied retroactively to allow a district court, through an initial § 2255 motion, to vacate a conviction and sentence in which the sentencing court, pre-Alleyne, had decided a drug quantity issue that, under Alleyne, would have to be determined by the jury.[3] Finding Alleyne not to be retroactively applicable, the Butterworth court affirmed the dismissal of the § 2255 motion. Butterworth is consistent with the law in other jurisdictions, see, e.g., Jeanty v. Warden, FCI-Miami, 757 F.3d 1283, 1285 (11th Cir. 2014) (Alleyne is not retroactively applicable in

---

[3]Under Teague,

> New constitutional rules announced by [the Supreme] Court [which] place certain kinds of primary individual conduct beyond the power of the States to proscribe, as well as "watershed" rules of criminal procedure, must be applied in all future trials, all cases pending on direct review, and all federal habeas corpus proceedings. All other new rules of criminal procedure must be applied in future trials and in cases pending on direct review, but may not provide the basis for a federal collateral attack on a state-court conviction.

Danforth v. Minnesota, 552 U.S. 264, 266 (2008) (citing Teague).

context of § 2241 petition), and Butterworth would control this court's analogous determination of whether the rule in Alleyne retroactively applies to Nascimento's claim regarding his § 924(c)(1)(A)(iii) sentence on collateral review under § 2241. Therefore, even if Nascimento could proceed through the savings clause to obtain review on the merits of his § 2241 claims, the petition would still properly be denied.

Conclusion

For the foregoing reasons, the court grants respondent's motion to dismiss (doc. no. 10) for lack of subject matter jurisdiction.  The clerk is directed to rename the filings docketed as Document Nos. 14 and 16 in the docket as addenda to Nascimento's objection to the motion to dismiss.  To the extent any relief is sought through those filings (doc. nos. 14 and 16), the requested relief is denied as moot.  The clerk is directed to enter judgment consistent with this order and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

March 9, 2015
cc:  Jackson Nascimento, pro se
     Seth R. Aframe, Esq.